The record in this case demonstrates, yet again, the futility of what the General Assembly required the courts to do when it enacted R.C.2950.09, which is to predict by "clear and convincing evidence" whether a sexually-oriented offender is likely to commit another sex offense in the future.
First, and at least as to this Defendant, if he's going to re-offend it will be in prison. He was sentenced to three consecutive life terms, making him no danger to the public unless he escapes, in which event he's unlikely to register with the sheriff. Because he's permanently incarcerated, there's no need for members of the public to "develop constructive plans to prepare themselves and their children for (his) release from imprisonment . . .," which is the announced purpose of a sexual predator determination. R.C. 2950.02(A)(1).
Second, as against the clear and convincing evidence standard which the statute imposes, most of the evidence on which the court is required to rely for its finding is speculative and imprecise. Scientific opinion is of little use because, as social scientists have repeatedly said, their disciplines do not permit the predictive opinion that R.C. 2950.09
requires. Thus, in order to predict the Defendant's future conduct, the courts are thrown back on the facially neutral factors in paragraph (B)(2) of that section, and ultimately to an appraisal of the "moral reprobation" which his offense demonstrates. State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430, unreported. That is what we do here because, as the State has aptly put it, this Defendant has repeatedly committed deplorable acts of deviant sexual behavior.
R.C. 2950.01, et seq., is a valuable, proper, and laudable effort to protect the public health and safety. However, the role given to the courts in its implementation is confused and unwieldy. The General Assembly would do well to revisit the questions involved. It could, for example, enact legislation that classifies all sexually-oriented offenders according to their particular sex offense, requiring each to register upon release from prison and report thereafter as required. The offender could then seek relief from these requirements from a qualified and competent state agency, with a right to appeal any denial to the courts pursuant to R.C. Chapter 2506. That would surely be a more rational and orderly procedure. It would also dispense with any need to consider whether a three life-term offender need even be considered.